# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

IN RE THORNBURG MORTGAGE, INC.                     No. CIV 07-0815  JB/WDS
SECURITIES LITIGATION

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiffs' Motion to Strike, Disregard and

Refuse Defendants' Request for Judicial Notice of Exhibits Submitted in Support of Defendants'

Motion to Dismiss, filed December 22, 2008 (Doc. 150).  The Court held a hearing on April 22,

2009.  The primary issue is whether the Court should take judicial notice, for the purpose of ruling

on a motion to dismiss, of five documents that Defendants Thornburg Mortgage, Inc. ("TMI"),

Garrett Thornburg, Larry A. Goldstone, Joseph H. Badal, Paul G. Decoff, Clarence D. Simmons,

Anne-Drue M. Anderson, David A. Ater, Eliot R. Cutler, Ike Kalangus, Owen M. Lopez, Francis

I. Mullin, Jr., and Stuart C. Sherman (collectively "Defendants") proffered to the Court.[1] Because

rule 201(d) of the Federal Rules of Evidence compels the Court to grant the Defendants' request for

judicial notice, the Court will deny the motion in part, but grant the motion in part to the extent that

it will not consider the contents of these documents for the truth of the matters asserted therein.

---

[1] The Defendants originally proffered forty documents of which they ask the Court to take judicial notice.  The Plaintiffs' Motion challenges thirty of those.  See Exhibits A-Y, FF, HH, II, JJ, and NN.  As to Exhibits A-F, L-Y, FF, JJ, and NN, the Plaintiffs objected only to the Court taking judicial notice of these documents for the truth of the matters asserted therein.  See Motion at 5.  The Defendants, in their Response, conceded that the Court should consider these documents only for the statements that they contain and not for the truth of those statements.  See Defendants' Joint Memorandum in Opposition to Plaintiffs' Motion to Strike, Disregard and Refuse Defendants' Request for Judicial Notice at 2-5, filed February 5, 2009 (Doc. 169)("Response").  The Court will therefore consider those documents only for the existence of the statements contained in them and not for their truth.  The Defendants' further stipulate that the Court can disregard Exhibits II and HH, to which the Plaintiffs also object.  See Response at 1 n.1.  The Court will disregard Exhibits II and HH.  The dispute, therefore, centers around only 5 Exhibits -- G-K.

## PROCEDURAL BACKGROUND

This case is a consolidated securities class action, still in its youth.  The Defendants have moved to dismiss the case and, with that motion, have asked the Court to take judicial notice of several documents.  Of relevance to this opinion are what the parties refer to as Exhibits G, H, I, J, and K, each of which are statements of beneficial ownership of securities.  In other words, they are documents filed with the Securities and Exchange Commission ("SEC") that disclose the securities that a person holds in a particular entity, and/or the changes in those holdings.  In this case, the documents describe the beneficial ownership interests that Badal (Exhibit G), Goldstone (Exhibit H), Simmons (Exhibit I), Thornburg (Exhibit J), and Decoff (Exhibit K) had in TMI during the relevant period.  See Defendants' Joint Request for Judicial Notice in Support of Defendants' Motion to Dismiss Exhibits G-K, filed September 23, 2008 (Docs. 134-8, 134-9, 134-10, 134-11, 134-12).

## LAW REGARDING TAKING JUDICIAL NOTICE OF DOCUMENTS WHEN RULING ON A MOTION TO DISMISS

Federal Rule of Evidence 201 allows a court to, at any stage of the proceeding, take notice of "adjudicative" facts that fall into one of two categories: (i) facts that are "generally known within the territorial jurisdiction of the trial court;" or (ii) facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b), (f).  "Adjudicative facts are simply the facts of the particular case."  United States v. Wolny, 133 F.3d 758, 764 (10th Cir. 1998)(quoting Advisory Committee Notes to rule 201).  A court has discretion to take judicial notice of such facts, whether requested or not.  See Fed. R. Evid. 201(c). On the other hand, if a party requests that the court take judicial notice of certain facts, and supplies the necessary information to the court, judicial notice is mandatory.  See Fed. R. Evid. 201(d).  Also,

if the parties timely request an opportunity to be heard, the Court must grant such an opportunity "as to the propriety of taking judicial notice and the tenor of the matter noticed."  Fed. R. Evid. 201(e).

That judicial notice may be taken during any stage of the judicial proceeding includes at the stage of a motion to dismiss.  See 21B C. Wright & K. Graham, Jr., Fed. Prac. & Proc. Evid. § 5110, at 294 & n.17 (2d ed. 2005).  And, while ordinarily, a motion to dismiss must be converted to a motion for summary judgment when the court considers matters outside the Complaint, see Fed. R. Civ. P. 12(d), matters that are judicially noticeable do not have that effect, see Duprey v. Twelfth Judicial Dist. Court, No. Civ 08-0756 JB, 2009 WL 2482171, at *7 (D.N.M. July 27, 2009)(Browning, J.)(citing Grynberg v. Koch Gateway Pipeline Co., 390 F.3d 1276, 1279 n.1 (10th Cir. 2004)).[2]  Also, when considering a motion to dismiss, "the court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."  Van Woudenberg v. Gibson, 211 F.3d 560, 568 (10th Cir. 2000) abrogated on other grounds by

_____

[2] An unpublished case from the Tenth Circuit, see Carter v. Daniels, 91 Fed. Appx. 83 (10th Cir. 2004), might seem to hold to the contrary.  See id. at 85-87.  It appears, however, that the lower court in Carter v. Daniels took judicial notice of, not only the existence of the statements in the documents referenced, but also assumed the truth of the content of those documents.  See id. at 85 ("The district court noted in its Order [granting a 12(b)(6) motion to dismiss] that '[t]he record reveals Daniels received a default judgment against Plaintiff on behalf of Payne, and attempted to execute on the judgment.'").  See also Nichols v. United States, 796 F.2d 361, 364 (10th Cir. 1986)("The district court in this case did not exclude the documents and affidavits submitted by both parties but incorporated facts which were not alleged in the pleadings into its order dismissing the case.").  Grynberg v. Koch Gateway Pipeline Co., a published Tenth Circuit decision, also from 2004, cites to 27A Fed. Proc. § 62:520, and summarizes that source as setting forth a rule that "facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment."  Grynberg v. Koch Gateway Pipeline Co., 390 F.3d at 1279 n.1.  Tal v. Hogan, 453 F.3d 1244 (10th Cir. 2006), is even more explicit on this point.  The Court finds that, so long as it takes judicial notice only of the existence and content of the submitted, publicly-filed documents, but does not assume the truth of the statements therein, it does not run afoul of the Tenth Circuit's rule on this issue.  See Tal v. Hogan, 453 F.3d at 1265 n.24.

McGregor v. Gibson, 248 F.3d 946, 955 (10th Cir. 2001).  The documents judicially noticed, however, should not be considered for the truth of the matters asserted therein:

> Exhibits attached to a complaint are properly treated as part of the pleadings for purposes of ruling on a motion to dismiss.  Ordinarily, consideration of material attached to a defendant's answer or motion to dismiss requires the court to convert the motion into one for summary judgment and afford the parties notice and an opportunity to present relevant evidence.  However, facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment.  This allows the court to take judicial notice of its own files and records, as well as facts which are a matter of public record.  However, the documents may only be considered to show their contents, not to prove the truth of matters asserted therein.

Tal v. Hogan, 453 F.3d at 1265 n.24 (internal citations, quotes, and alterations omitted).

In addition to those documents that are judicially noticeable, a court may consider documents to which the complaint refers, if the documents are central to the plaintiff's claim and the parties do not dispute their authenticity.  See Jacobsen v. Deseret Book Co., 287 F.3d 936, 941-42 (10th Cir. 2002).  If a document is not incorporated by reference or attached to the complaint, but is referred to in the complaint and is central to the plaintiff's claim, the defendant may submit an "indisputably authentic copy to the court to be considered on a motion to dismiss."  GFF Corp. v. Assoc. Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). See 5A C. Wright & A. Miller, Fed. Prac. & Proc. § 1327, at 438-39 (3d ed. 2004)("[W]hen the plaintiff fails to introduce a pertinent document as part of her pleading . . . the defendant may introduce the document as an exhibit to a motion attacking the sufficiency of the pleading.").

## ANALYSIS

The Plaintiffs' primary argument against the Court taking judicial notice of documents G-K is that "they are not referenced in, and in no way relate to, the allegations of the Complaint, which do not address Defendants' stock trading history."  Motion at 8.  They argue that such documents

"are capable of 'reasonable dispute' and thus cannot be judicially noticed." Id. They concede that there is an exception to the rule that the Court may consider documents not referenced in the Complaint when the Complaint necessarily relies upon them and when their authenticity is not contested, see id., but argue that this exception is inapplicable because the Plaintiffs are making no allegations of insider trading, see id. at 8-10. In response, the Defendants argue that courts have found the presence or absence of trading activity relevant to the scienter inquiry by establishing motive, or lack thereof. See Response at 6-7. In their Reply, the Plaintiffs reiterate that they are not asserting that the Defendants engaged in insider trading and that therefore the SEC filings detailing the Defendants' ownership of TMI stock are irrelevant to the issues that the Court must address in analyzing a 12(b)(6) motion to dismiss. See Plaintiffs' Reply to Defendants' Joint Memorandum in Opposition to Plaintiffs' Motion to Strike, Disregard and Refuse Defendants' Request for Judicial Notice at 4-5, filed February 20, 2009 (Doc. 178)("Reply").

The language of rule 201 of the Federal Rules of Evidence, and Tenth Circuit authority, compels the Court to take judicial notice of the existence and content of Exhibits G-K when addressing this motion to dismiss. See Tal v. Hogan, 453 F.3d at 1265 n.24. Rule 201 states that a court must take judicial notice of judicially noticeable adjudicative facts if the party seeking judicial notice so requests, and supplies the Court with the necessary materials. See Fed. R. Evid. 201(d). The content of Exhibits G-K, on file with the SEC, is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," Fed R. Evid. 201(b), and, because the Defendants will likely argue that their lack of insider trading negates the necessary scienter to be found liable for securities fraud, the content of those filings appear to be adjudicative facts, see United States v. Wolny, 133 F.3d at 764.

The Court will not, however, judicially notice the truth of the content of those filings. First,

the Defendants agree that the Court should consider the majority of the documents that they submitted for their existence and for the existence of the statements made therein. <u>See</u> Response at 1 ("Defendants agree with Plaintiffs that the Court should take notice only of the fact that statements were made in such materials, and not of the truth of such statements."). The Defendants do not address why they believe that the Court should treat the contents of the Forms 3, 4, and 5 differently. Second, the contents of the SEC filings is potentially false, as the documents were created by individuals, fallible and potentially prone to untruth as humans sometimes tend to be. While the trading activities reflected in Exhibits G-K are subject to accurate determination -- at least as accurately as a person can prove that he or she owns a security interest in anything -- the Court does not believe that the facts are subject to "ready" determination. <u>See</u> Fed. R. Evid. 201(b). Rather, further evidence would be required, which might itself be challenged as to its accuracy.

Also, the truth of the content of the SEC filings is only marginally relevant to the determination whether the Plaintiffs state a proper claim under the applicable securities laws and the Private Securities Litigation Reform Act. It is true that the Plaintiffs must adequately allege scienter. And, since the Supreme Court of the United States issued <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308 (2007), courts must weigh competing inferences when making their determination whether the Plaintiffs' alleged facts provide the necessary strong inference of scienter. At the motion to dismiss stage, however, the lack of an allegation that the Defendants are engaging in insider trading is not substantially aided by some quantum of evidence that the Defendants were not engaging in insider trading. The Plaintiffs do not allege insider trading, and do not allege the motive of personal profit as the basis of their scienter allegations, <u>see</u> Response at 4 ("Plaintiffs' Complaint does not rely on allegations of motive or opportunity -- much less allegations of insider trading -- to support a strong inference of scienter."), so there is no need for the Defendants to rebut

the potential inference.  With no allegation of a personal-profit motive on the Defendants' part, the Court is unlikely to conclude that an inference of scienter based upon such a motive is the most likely.

Finally, the authority that the Defendants cite for the proposition that the Court should take judicial notice of the truth of the beneficial-interest statements is not binding on this Court, is distinguishable, as the Defendants themselves concede, see Response at 7 ("This case differs from most cases in which judicial notice has been taken of Forms 3, 4, and 5.  In most cases plaintiffs allege suspicious trading activity; defendants proffer the forms to rebut or complete the picture painted by plaintiffs."), and is contrary to binding Tenth Circuit authority, see Tal v. Hogan, 453 F.3d at 1265 n.24.  The Court will therefore deny the motion in part and grant it in part.  As to Exhibits HH and II, the Court grants the motion and denies judicial notice.  As to the remainder of the challenged Exhibits, the Court denies the motion except to the extent that the Defendants ask the Court to judicially notice the truth of the contends of those Exhibits.

**IT IS ORDERED** that the Plaintiffs' Motion to Strike, Disregard and Refuse Defendants' Request for Judicial Notice of Exhibits Submitted in Support of Defendants' Motion to Dismiss is granted in part and denied in part.  The Court will take judicial notice of the existence and content of Exhibits A-GG and JJ-NN.  The Court will not take judicial notice of Exhibits HH or II.  Furthermore, the Court will not assume the truth of the contents of the Exhibits to which it grants judicial notice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Fred T. Isquith
Rachel S. Poplock
Martin E. Restituyo
Gregory Nespole
Wolf Haldenstein Adler Freeman & Herz, LLP
New York, New York

-- and --

Frederick S. Fox
Aviah Cohen Pierson
Kaplan Fox & Kilsheimer
New York, New York

-- and --

Charlotte Itoh
Cody Kelley
Kelley Law Offices
Albuquerque, New Mexico

-- and --

Aaron L. Brody
Stull, Stull & Brody
New York, New York

-- and --

Samuel P. Sporn
Joel P. Laitman
Daniel B. Rehns
Jay P. Saltzman
Schoengold Sporn Laitman & Lometti, P.C.
New York, New York

-- and --

Richard A. Lockridge
Nathan D. Prosser
Karen H. Riebel
Lockridge Gindal Nauen & Holstein
Minneapolis, Minnesota

-- and --

Nancy Kaboolian
Abbey Spanier Rodd Abrams & Paradis, LLP
New York, New York

-- and --

Curtis V. Trinko
Law Offices of Curtis V. Trinko, LLP
New York, New York

-- and --

Evan J. Smith
Brodsky & Smith, L.L.C.
Mineola, New York

-- and --

David R. Scott
Scott & Scott, LLC
Colchester, Connecticut

-- and --

Arthur Shingler, III
Scott & Scott, LLP
San Diego, California

-- and --

Turner W. Branch
Branch Law Firm
Albuquerque, New Mexico

-- and --

Gregg Vance Fallick
Albuquerque, New Mexico

-- and --

Shane C. Youtz
Albuquerque, New Mexico

-- and --

Francis M. Gregorek
Rachele R. Rickert
Patrick Moran
Betsy C. Manifold
Wolf Haldenstein Adler Freeman & Herz, LLP
San Diego, California

-- and --

Andrew Zivitz
Benjamin Sweet
Michelle Newcomer
Richard Russo, Jr.
Sean M. Handler
Stewart L. Berman
D. Seamus Kaskela
Barroway Topaz Kessler Meltzer & Check, LLP
Radnor, Pennsylvania

       *Attorneys for the Plaintiffs*

Amy L. Neuhardt
Boies, Schiller & Flexner, LLP
Washington, District of Columbia

-- and --

Donald L. Flexner
Philip C. Korologos
Boies, Schiller & Flexner, LLP
New York, New York

-- and --

Frank T. Herdman
Rubin Katz Law Firm, P.C.
Santa Fe, New Mexico

-- and --

William H. Forman
Scheper Kim & Overland, LLP
Los Angeles, California

-- and --

David F. Cunningham
Thompson, Hickey, Cunningham, Clow & April, P.A.
Santa Fe, New Mexico

     *Attorneys for Defendants Garrett Thornburg, Anne-Drue M. Anderson, David A.
        Ater, Joseph H. Badal, Eliot R. Cutler, Ike Kalangis, Francis I. Mullin, III, and
        Stuart C. Sherman*

Clinton W. Marrs
Tax, Estate & Business Law, N.A., LLC
Albuquerque, New Mexico

-- and --

Frank T. Herdman
Rubin Katz Law Firm, P.C.
Santa Fe, New Mexico

-- and --

Robert Badal
WilmerHale
Los Angeles, California

-- and --

William H. Forman
Scheper Kim & Overland, LLP
Los Angeles, California

-- and --

David F. Cunningham
Thompson, Hickey, Cunningham, Clow & April, P.A.
Santa Fe, New Mexico

     *Attorneys for Defendants Larry A. Goldstone and Clarence G. Simmons*

Amy L. Neuhardt
Boies, Schiller & Flexner, LLP
Washington, District of Columbia

-- and --

Donald L. Flexner
Philip C. Korologos
Boies, Schiller & Flexner, LLP
New York, New York

   *Attorneys for Defendant Paul G. Decoff*

Frank T. Herdman
Rubin Katz Law Firm, P.C.
Santa Fe, New Mexico

-- and --

Robert Badal
WilmerHale
Los Angeles, California

-- and --

William H. Forman
Scheper Kim & Overland, LLP
Los Angeles, California

-- and --

David F. Cunningham
Thompson, Hickey, Cunningham, Clow & April, P.A.
Santa Fe, New Mexico

   *Attorneys for Defendants Owen M. Lopez and Michael B. Jeffers*

Frank T. Herdman
Rubin Katz Law Firm, P.C.
Santa Fe, New Mexico

-- and --

Joel Sher
Shapiro Sher Guinot & Sandler
Baltimore, Maryland

-- and --

Mary R. Jenke
Walsh Anderson Brown Aldridge & Gallegos
Albuquerque, New Mexico

-- and --

William H. Forman
Scheper Kim & Overland, LLP
Los Angeles, California

-- and --

David F. Cunningham
Thompson, Hickey, Cunningham, Clow & April, P.A.
Santa Fe, New Mexico

     *Attorneys for Defendant Thornburg Mortgage, Inc.*

Clifford K. Atkinson
John Thal
Atkinson & Thal, P.C.
Albuquerque, New Mexico

-- and --

David Bohan
David Stagman
Katten Muchin Rosenman, LLP
Chicago, Illinois

     *Attorneys for Defendants UBS Securities and Bear Sterns & Co.*

Clifford K. Atkinson
John Thal
Atkinson & Thal, P.C.
Albuquerque, New Mexico

-- and --

Howard W. Gutman
William Pittard
Williams & Connolly, LLP
Washington, D.C.

     *Attorneys for Defendant Friedman, Billings, Ramsey & Co.*

Clifford K. Atkinson
John Thal
Atkinson & Thal, P.C.
Albuquerque, New Mexico

-- and --

Jonathan C. Dickey
Gibson, Dunn & Crutcher, LLP
New York, New York

-- and --

Dean J. Kitchens
Lindsay R. Pennington
Gibson, Dunn & Crutcher, LLP
Los Angeles, California

> *Attorneys for Defendants AG Edwards & Sons, Inc., BB&T Capital Markets, Citigroup Global Markets Inc., Oppenheimer & Company, Inc., RBC Dain Rauscher Corp., Stifel, Nicolaus & Company, Inc.*