IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| In re THORNBURG MORTGAGE, INC. SECURITIES LITIGATION | ) ) ) ) | CASE NO. CIV 07-815 JOB/WDS |

# PLAINTIFFS' MOTION FOR CLARIFICATION OF THE COURT'S JANUARY 27, 2010 MEMORANDUM OPINIONS AND ORDERS GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT

Lead Plaintiffs W. Allen Gage, individually and on behalf of J. David Wrather, Harry Rhodes, FFF Investments, LLC, Robert Ippolito, individually and as Trustee for the Family Limited Partnership Trust, and Nicholas F. Aldrich, Sr., individually and behalf of the Aldrich Family, representative plaintiffs Betty L. Manning and John Learch, and proposed representative plaintiff Boilermakers Lodge 154 Retirement Plan (collectively, "Plaintiffs") hereby move for an Order clarifying the Court's Memorandum Opinions and Orders issued on January 27, 2010 (the "Orders").

This Motion is opposed by the Defendants.[1]

In support of this Motion, Plaintiffs state as follows:

1. On May 27, 2008, Plaintiffs filed a Consolidated Amended Class Action Complaint (the "Complaint") against Defendants, asserting claims arising under sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b), 78t(a), and sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"), 15

---

[1] The parties attempted in good faith to resolve this matter short of motion practice pursuant to L.R. 7.1, but were unsuccessful. The Defendants include all defendants other than Thornburg Mortgage Inc. ("TMI") against whom this action is stayed by virtue of 11 U.S.C. § 362. As such, the instant motion seeks no relief as to TMI.

U.S.C. §§ 77k, 77l(a)(2), 77o. Specifically, Plaintiffs asserted (1) claims against the Thornburg Defendants[2] for violations of section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5); (2) claims against the Individual Defendants[3] for violations of section 20(a) of the Exchange Act; (3) claims against the Thornburg Defendants, the Underwriter Defendants[4] and the Director Defendants[5] for violations of sections 11 and 12(a)(2) of the Securities Act; and (4) claims against the Individual Defendants for violations of section 15 of the Securities Act.

2. On September 22, 2008, Defendants moved to dismiss all of Plaintiffs' claims. [DKT Nos. 126-130, 132]. On December 22, 2008, Plaintiffs filed briefs in opposition to Defendants' motions to dismiss. [DKT Nos. 152-157]. On February 5, 2009, Defendants filed reply briefs in further support of their motions. [DKT Nos. 165-170].

3. On April 22, 2009, the Court heard oral argument from Plaintiffs and Defendants in connection with Defendants' motions to dismiss the Complaint. [DKT No. 191].

4. On January 27, 2010, the Court issued the Orders, granting in part and denying in part Defendants' motions to dismiss the Complaint as follows: (1) the Court dismissed Plaintiffs' claims arising under sections 11, 12(a)(2) and 15 of the Securities Act against all of the Defendants; (2) the Court dismissed Plaintiffs' claims based on section 10(b) of the

---

[2] The "Thornburg Defendants" consist of the Individual Defendants, defined below, and Thornburg Mortgage, Inc. ("TMI").

[3] The "Individual Defendants" consist of Garrett Thornburg ("Thornburg"), Larry A. Goldstone ("Goldstone"), Joseph H. Badal ("Badal"), Paul G. Decoff ("Decoff") and Clarence D. Simmons ("Simmons").

[4] The "Underwriter Defendants" consist of AG Edwards & Sons, Inc., Bear Stearns & Co., Inc., BB&T Capital Markets, Citigroup Global Markets, Inc., Friedman Billings Ramsey & Co., Oppenheimer & Co., Inc., RBC Dain Rauscher, Inc., Stifel Nicolaus & Co., Inc., and UBS AG.

[5] The "Director Defendants" consist of Anne-Drue M. Anderson, David A. Ater, Eliot R. Cutler, Ike Kalangis, Owen M. Lopez, Francis I. Mullin, III, and Stuart C. Sherman.

Exchange Act, and Rule 10b-5 promulgated thereunder, against Defendants Thornburg, Badal, Decoff and Simmons; (3) the Court dismissed Plaintiffs' section 20(a) claims against Defendants Thornburg and Badal; (4) the Court allowed Plaintiffs' claims based on section 10(b) of the Exchange Act to proceed against Defendant Goldstone; and (5) the Court reserved ruling on Plaintiffs' section 10(b) claims against TMI, and on Plaintiffs' section 20(a) claims against Defendants Goldstone, Simmons and Decoff. [DKT No. 252].

5. The Orders did not state, however, whether the dismissals were with or without prejudice. In opposing Defendants' motions to dismiss, Plaintiffs requested leave to amend in the event that the Court found the Complaint to be deficient in any way. Plaintiffs' Opposition to Defendants' Motion to Dismiss Consolidated Amended Complaint ("Exchange Act Opp. Brief") at 58 n.48 [DKT Nos. 154-157]; Plaintiffs' Opposition to the Motions to Dismiss Plaintiffs' Securities Act Claims ("Securities Act Opp. Brief") at 32 [DKT Nos. 152-153]. To that end, Plaintiffs respectfully request that the Court: (1) order that the Orders were issued without prejudice; and (2) allow Plaintiffs to amend the Complaint to cure the averments it held to be deficient.

6. Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading should be freely granted where justice so requires. *Burleson v. ENMR-Plateau Telephone Cooperative*, No. 05-CIV-0073 JB/KBM, 2005 U.S. Dist. LEXIS 39145, at *3 (D.N.M. Sept. 23, 2005) (Browning, J.); *Youell v. FNU Russell*, No. 04-CIV-1396 JB/WDS, 2007 U.S. Dist. LEXIS 17088, at *3-4 (D.N.M. Feb. 14, 2007).

7. The United States Supreme Court has stated that, in the absence of an apparent reason such as "undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave to amend should be freely given. *Foman v. Davis*, 371 U.S. 178 (1962). Further, the United States Court of Appeals for the Tenth Circuit has held that district courts should grant a plaintiff leave to amend when doing so would yield a meritorious claim. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001).

8. Leave to amend under Fed. R. Civ. P. 15(a) should only be denied where the proposed "amendment would be futile." *Jefferson County Sch. Dist. v. Moody's Investor's Serv.*, 175 F.3d 848, 859 (10th Cir. 1999). An amendment is only "futile" if the pleading "as amended, would be subject to dismissal." *Id.* (*citing TV Comm'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992)).

9. If permitted, Plaintiffs would amend the Complaint to address the following: (1) the Court's holding that Plaintiffs failed to state a claim under sections 11 and 12(a) of the Securities Act (15 U.S.C. §§ 77k, 77l(a)), to address, among other things, the impact of Regulation S-K, 17 C.F.R. § 229.303, and Regulation S-X, 17 C.F.R. § 210.4-01, on Defendants' liability for material omissions from the offering documents; (2) the Court's implicit finding that TMI was not liable for the misrepresentations of Defendant Goldstone in June 2007 and July 2007 (insofar as that finding affects the Individual Defendants' liability under section 20(a)); (3) the Individual Defendants' liability under section 20(a) of the Exchange Act as a result of TMI's failure to comply with its affirmative duty pursuant to section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), to disclose all material, nonpublic information in its possession prior to selling $900 million in TMI securities during the Class Period;[6] and (4) the Court's holding that the alleged misstatements in TMI's offering documents are not actionable.

## I. Plaintiffs Intend to Add Additional Factual and Legal Allegations in Order to State A Claim Under Sections 11 and 12(a) of the Securities Act of 1933

10. Plaintiffs wish to amend the Complaint, *inter alia*, to allege Defendants' failure to comply with their affirmative disclosure obligations under the Securities Act, including, but not limited to, the obligations imposed by the Code of Federal Regulations, and to further elucidate the materially misleading and incomplete nature of Defendants' alleged misstatements in TMI's offering documents.

11. In dismissing Plaintiffs' claims arising under sections 11 and 12(a)(2) of the Securities Act, the Court noted that liability attaches in two instances: (1) where a defendant omits to disclose information required to be disclosed by law; or (2) where a defendant issues a materially false or misleading statement in a registration statement or prospectus. *See* Underwriter Opinion and Order at 17-19. The Court further held that liability cannot be premised on silence in the absence of a duty to disclose, and held that Plaintiffs "failed to provide the Court with the source of such a duty." Amended Opinion and Order at 86 (citation omitted). *See also* Underwriter Opinion and Order at 32.

12. Plaintiffs respectfully submit that the Code of Federal Regulations imposed disclosure obligations upon Defendants, and that Defendants failed to make the required disclosures, giving rise to liability under the Securities Act.

13. For example, Item 303 of Regulation S-K, 17 C.F.R. § 229.303, and Regulation S-X, 17 C.F.R. § 210.4-01, require the independent disclosure of specific information in prospectuses and registration statements – regardless of whether the omission of such information renders an affirmative statement in the offering documents materially misleading.

---

[6] The "Class Period" refers to the time period from April 19, 2007 through March 19, 2008, inclusive.

14. Item 303 of Regulation S-K requires the disclosure of, *inter alia*, "any known trends or any known demands, commitments, events or uncertainties that will result in or that are reasonably likely to result in the registrant's liquidity increasing or decreasing in any material way," and any "known trends or uncertainties that have had or that the registrant reasonably expects will have a material favorable or unfavorable impact on net sales or revenues or income from continuing operations." 17 C.F.R. §§ 229.303(a)(1) and (a)(3)(ii)); *see* Complaint ¶¶ 424-25. [DKT No. 68].

15. Courts have held that a registrant's violation of Item 303 of Regulation S-K gives rise to liability under the federal securities laws. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998) ("Allegations which sufficiently state a claim under Item 303 also state a claim under section 11 [of the Securities Act]."); *In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 70 (2d Cir. 2001) (reversing dismissal of claims arising under section 10(b) of the Exchange Act where plaintiffs adequately pled violation of Item 303 of Regulation S-K); *J&R Marketing, SEP v. General Motors Corp.*, 549 F.3d 384, 392 (6th Cir. 2008) (holding that registrants' disclosure obligations under section 11 include duty under Item 303 to make forward-looking projections regarding information known to registrant); *In re Initial Pub. Offering Sec. Litig.*, 358 F. Supp.2d 189, 211 (S.D.N.Y. 2004) ("An omission of fact required to be stated under Item 303 will generally produce liability under section 11.") (internal quotation omitted); *Garber v. Legg Mason, Inc.*, 537 F. Supp.2d 597, 611 (S.D.N.Y. 2008) (same); *Ladmen Partners, Inc. v. Blackstone Group, L.P.*, 08-CV-3601 (HB), 2009 U.S. Dist. LEXIS 87001, at *13-*15 (S.D.N.Y. Sept. 22, 2009) ("Courts have held that Section 11 imposes liability on a registrant who omits to state fact required to be stated under Item 303."); *Milman v. Box Hill*

*Sys. Corp.*, 72 F. Supp.2d 220, 231 (S.D.N.Y. 1999) (denying motion to dismiss plaintiffs' claims under sections 11 and 12(a)(2) of Securities Act where plaintiffs sufficiently pled violation of Item 303).

16. In fact, during oral argument on April 22, 2009, counsel for Friedman Billings Ramsey, one of the Underwriter Defendants, conceded that Defendants were bound by the disclosure obligations of Regulation S-K:

> There are two requirements in judging our securities filings. One, we have to say certain things. ***Reg SK and SC provide what we have to say.*** And then otherwise, we cannot misrepresent what we do say. We cannot say something that's false or would mislead.

Apr. 22, 2009 Hearing Transcript ("Apr. 22, 2009 Hr'g Tr.") at 38:12-18 (emphasis added); [DKT Nos. 191, 195]. Counsel for Plaintiffs concurred in this interpretation of Defendants' disclosure obligations. *See* Apr. 22, 2009 Hr'g Tr. at 196:24-197:10.

17. Pursuant to Item 303 of Regulation S-K, Defendants had a duty to disclose, *inter alia*, the following material information in the offering documents that enabled TMI to capture $900 million from unsuspecting investors: (1) TMI's multi-billion portfolio of mortgage-backed securities ("MBS") backed by subprime or Alternative-A ("Alt-A") assets; and (2) TMI's increased reliance on reverse repurchase agreements – which contained cross-default provisions that were likely to be, and were in fact, triggered due to known market conditions, causing a run on TMI's assets. This information should have been disclosed in the offering documents as Defendants began to recognize that the market for mortgage-backed securities collateralized by Alt-A mortgages was under severe distress. *See* 17 C.F.R. § 229.303.

18. Similarly, Regulation S-X, 17 C.F.R. § 210.4-01, requires offering document disclosures to be in compliance with Generally Accepted Accounting Principles ("GAAP"). *See*

17 C.F.R. § 210.4-01(a)(1) ("Financial statements filed with the Commission which are not prepared in accordance with generally accepted accounting principles will be presumed to be misleading or inaccurate, despite footnote or other disclosures, unless the Commission has otherwise provided."). One such GAAP provision, Financial Account Standards ("FAS") 107, at ¶ 15A, *Disclosures About Fair Value of Financial Instruments*, as amended by FAS 161, *Disclosures About Derivative Instruments and Hedging Activities* (2008), requires the disclosure of "significant concentrations of credit risk arising from all financial instruments, whether from an individual counterparty or groups of counterparties."

19. TMI's multi-billion dollar portfolio of mortgage-backed securities collateralized by Alt-A assets was a "financial instrument" creating "significant concentrations of credit risk," and, thus, was required to be disclosed to investors pursuant to FAS 107/161 and, accordingly, Regulation S-X. 17 C.F.R. § 210.4-01. If given the opportunity, Plaintiffs would amend the Complaint to include, *inter alia*, more detailed averments regarding Defendants' duty to disclose TMI's portfolio of Alt-A backed assets under Regulation S-X, and that their failure to make this – and other – required disclosures constitutes a violation of the Securities Act.

## II. Plaintiffs Intend to Provide Additional Allegations to Demonstrate that TMI Was Obligated to Disclose All Material Nonpublic Information in its Possession Under Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b)

20. In dismissing Plaintiffs' claims arising under section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder, the Court noted that the sources of a duty to disclose information under the federal securities laws are found either (1) in express mandates of the statutes and rules promulgated under them; or (2) in the general antifraud provisions of the statutes and rules. *See* Amended Memorandum Opinion and Order at 63. [DKT No. 252].

21. The Court further stated that Plaintiffs failed to provide such a source for Defendants' disclosure duties:

> The Plaintiffs have not pointed to any statute or SEC regulation that demands disclosure of the facts allegedly withheld, nor, after careful review, does the Court find any disclosed facts that were rendered materially false or misleading in the absence of the withheld facts. As such, the Court finds that the Defendants did not have a duty to disclose these allegedly withheld facts.

Amended Memorandum Opinion and Order at 63. [DKT No. 252].

22. Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), requires insiders to disclose all material, nonpublic information in its possession prior to buying or selling securities. *See Chiarella v. United States*, 445 U.S. 222, 227-30, 100 S. Ct. 1108, 63 L. Ed 2d 348 (1980); *see also Johnson v. Aljian*, 394 F. Supp. 2d 1184, 1196 (C.D. Cal. 2004). For pleading purposes, a plaintiff need only allege that an insider (1) intentionally[7] (2) failed to disclose (3) material nonpublic information (4) in connection with the purchase and sale of securities. *See Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 (1976); *TSC Indus. v. Northway, Inc.*, 426 U.S. 438, 449 (1976); *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 735-736 (1975); *SEC v. Texas Gulf Sulphur Co.*, 401 F.2d 833, 848 (2d Cir. 1968) (en banc), *cert. denied,* 394 U.S. 976 (1969). Simply put, an insider must abstain from trading in the shares of his corporation unless he has first disclosed all material nonpublic information in his possession. *Chiarella*, 445 U.S. at 227. This doctrine is known as the "abstain or disclose rule." *See id.*

23. The abstain or disclose rule applies to corporate issuers, such as TMI, that engage in a public offering of securities like those at issue here. *McCormick v. Fund Am. Cos.*, 26 F.3d

---

[7] A plaintiff sufficiently pleads "intent" where he alleges that a defendant was in ***possession*** of material, non-public information at the time of the offending security sale or purchase. *See Aljian*, 394 F. Supp.2d at 1199 (finding that if a defendant possesses material, non-public information at the time of a sale or purchase, she is presumed to have used the information, *citing U.S. v. Smith*,155 F.3d 1051, 1069 (9th Cir. 1998)).

869, 876 (9th Cir. 1994) ("numerous authorities have held or otherwise stated that the ***corporate issuer*** in possession of material nonpublic information, must, like other insiders in the same situation, disclose that information to its shareholders or refrain from trading with them") (citation omitted, emphasis added); *see also Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1204 (1st Cir. 1996) (if corporate issuers of stock were not subject to liability under the insider trading laws "a corporate issuer selling its own securities would be left free to exploit its informational trading advantage, at the expense of investors, by delaying disclosure of material non-public negative news until after the completion of the offering"); *Kohler v. Kohler Co.*, 319 F.2d 634, 638 (7th Cir. 1963) ("underlying principles [regarding disclosure of material nonpublic information] ***apply not only to majority stockholders of corporations and corporate insiders, but equally to corporations themselves***") (emphasis added); *Green v. Hamilton Int'l Corp.*, 437 F. Supp. 723, 728 (S.D.N.Y. 1977) ("there can be no doubt that ***the prohibition against 'insider' trading extends to a corporation***") (emphasis added).

24. TMI, as a corporate issuer, was required, like any other insider in the same situation, to disclose the material nonpublic information that was missing from the offering documents prior to selling $900 million of its own stock during the Class Period. Plaintiffs seek to amend their Exchange Act allegations to address the foregoing, and to allege further that the Individual Defendants are liable as control persons under section 20(a) for TMI's omissions.[8]

---

[8] As noted above, Plaintiffs recognize that TMI is in bankruptcy and subject to the automatic stay of 11 U.S.C. § 362. Accordingly, Plaintiffs are not seeking any relief against TMI by this motion and in fact intend to move to voluntarily dismiss the case against TMI without prejudice in recognition of the automatic stay. Plaintiffs' proposed amendment discussed above would seek only to demonstrate the Individual Defendants' liability as control persons of TMI under section 20(a) of the Exchange Act.

## III. Plaintiffs Intend to Provide Additional Allegations in Order to State A Claim Under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), Against Defendants Thornburg and Badal

25. In analyzing Plaintiffs' section 20(a) claims against Defendants Thornburg and Badal, the Court noted that "the only articulable act or omission by TMI as an entity, the misleading Form 8-K dated March 3, 2008, was filed after [Defendant Thornburg's] tenure as CEO ended," and after Defendant Badal had retired from TMI. *See* Amended Memorandum Opinion and Order at 77. [DKT No. 252]. As a result, the Court dismissed Plaintiffs' section 20(a) claims against the two individuals.

26. If given the opportunity to amend, Plaintiffs would provide additional allegations to demonstrate that because TMI, as an entity, is liable as a matter of law for the statements made by Defendant Goldstone on June 6, 2007 and July 20, 2007, which the Court found to be actionable, the Individual Defendants are liable for those statements as control persons under section 20(a). *See* Amended Opinion and Order at 71.[9]

27. It is well-settled that corporate entities are liable for materially false and misleading statements made by their highest-ranking executives. *See Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1106-07 (10th Cir. 2003) ("The scienter of the senior controlling officers of a corporation may be attributed to the corporation itself to establish liability as a primary violator of § 10(b) and Rule 10b-5 when those senior officials act within the scope of their apparent authority"); *In re Williams Sec. Litig.*, 496 F. Supp. 2d 1195, 1282 (N.D. Okla. 2007) (same); *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*, 365 F.3d 353, 383 (5th Cir. 2004) (finding corporate entity liable for misstatement made by its CEO to securities analysts); *Seolas v.*

[9] As Plaintiffs will be moving to voluntarily dismiss TMI from this action without prejudice, any amendment in this regard will only effect the liability of the Individual Defendants under section 20(a) of the Exchange Act.

*Bilzerian*, 951 F. Supp. 978, 984 (D. Utah 1997) (finding corporation can be held liable for false and misleading statements made by agents in violation of section 10(b)); *In re Nature's Sunshine Prods. Sec. Litig.*, 486 F. Supp.2d 1301 (D. Utah 2007) (sustaining plaintiffs' section 10(b) claims against corporate entity for misstatements made by its CEO); *In re Atlantic Fin. Mgmt., Inc.*, 784 F.2d 29, 32 (1st Cir. 1986) (holding corporation vicariously liable for the "'apparently authorized' misrepresentations of a high official"); *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 02-MDL-1335-B, 2004 U.S. Dist. LEXIS 20733, at *17-*20 (D.N.H. Oct. 14, 2004) (finding scienter of company's agent sufficient to plead scienter on behalf of company).

28. In light of the foregoing, TMI is liable for Defendant Goldstone's material misstatements in June and July of 2007. Furthermore, because these misstatements were issued while Defendants Thornburg, CEO (*see* Complaint ¶ 58 [DKT No. 68]), and Badal, Chief Lending Officer and Executive Vice President (*see* Complaint ¶ 60 [DKT No. 68]), controlled the actions of TMI, each of these Defendants are potentially liable under section 20(a) in connection with the misstatements. *See* 15 U.S.C. § 78(t)a.

29. Plaintiffs wish to amend their Exchange Act allegations to address the foregoing.

## IV. CONCLUSION

30. For all of the foregoing reasons, Plaintiffs respectfully request that this Court clarify that its January 27, 2010 Memorandum Opinions and Orders were issued without prejudice and grant Plaintiffs leave to amend the Complaint to: (1) allege that Defendants failed to comply with their affirmative disclosure obligations under the Securities Act, which include, but are not limited to, the obligations imposed by Item 303 of Regulation S-K, 17 C.F.R. § 229.303, and Regulation S-X, 17 C.F.R. § 210.4-01; (2) further elucidate the materially

misleading and incomplete nature of Defendants' alleged misstatements in TMI's offering documents; (3) allege that the Individual Defendants' are additionally liable under section 20(a) of the Exchange Act as a result of TMI's failure to comply with its affirmative duty pursuant to section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), to disclose all material, nonpublic information in its possession prior to selling $900 million in TMI securities during the Class Period; and (4) allege that because TMI is liable for the misrepresentations of its executives, including Defendant Goldstone, the Individual Defendants are liable under section 20(a) for Defendant Goldstone's June 6, 2007 and July 20, 2007 statements.

31. Clarification of the Court's Memorandum Opinions and Orders would not unduly delay this action, nor would it be unfair to Defendants.

Dated: February 5th, 2010

Respectfully submitted,

**BRANCH LAW FIRM**
Turner W. Branch
2025 Rio Grande Blvd. NW
Albuquerque, New Mexico 87104
Tel: 505-0243-3500
Fax: 505-246-3534

*Liaison Counsel for Lead Plaintiffs*

**BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP**
Andrew L. Zivitz, *admitted pro hac vice*
Benjamin J. Sweet, *admitted pro hac vice*
Michelle M. Newcomer, *admitted pro hac vice*
Richard A. Russo, Jr., *admitted pro hac vice*
280 King of Prussia Road
Radnor, Pa 19096
Tel: (610) 667-7706
Fax: (610) 667-7056

**WOLF HALDENSTEIN ADLER**

**FREEMAN & HERZ LLP**
Francis M. Gregorek, *admitted pro hac vice*
Betsy Manifold, *admitted pro hac vice*
Patrick H. Moran, *admitted pro hac vice*
750 B Street, Suite 2770
San Diego, CA 92101
Tel: 619-239-4599
Fax: 619-234-4599

*Co-Lead Counsel for Lead Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 5, 2010 the foregoing PLAINTIFFS' MOTION FOR CLARIFICATION OF THE COURT'S JANUARY 27, 2010 MEMORANDUM OPINIONS AND ORDERS GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all counsel of record and declarant served the parties who are not registered participants of the CM/ECF System, via United States First Class Mail.

Turner W. Branch