**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | |
|---|---|
| IN RE THORNBURG MORTGAGE, INC. SECURITIES LITIGATION | Case No. 07-815 JB/WDS |

**CERTAIN D&O DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLARIFICATION OF THE COURT'S JANUARY 27, 2010 MEMORANDUM OPINIONS AND ORDERS GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT**

Defendants Anne-Drue M. Anderson, David A. Ater, Elliot R. Cutler, Ike Kalangis, and Francis I. Mullin, III and Garrett Thornburg (collectively "Certain D&O Defendants"), respectfully submit this response in opposition to Plaintiffs' motion for clarification of the Court's January 27, 2010 opinions and orders which dismiss all claims against the Certain D&O Defendants.

Although Plaintiffs' motion purports to seek clarification of whether the Court's dismissal of claims was with or without prejudice, the bulk of Plaintiffs' motion is dedicated to arguing the merits of whether Plaintiffs should be granted leave to amend. To the extent that Plaintiffs' motion simply seeks clarification on whether the Court's prior orders granting motions that sought dismissal with prejudice were nonetheless without prejudice, Certain D&O Defendants do not object to its filing, although the nature of the Court's extensive written opinion should leave little doubt that the dismissal was conclusive and with prejudice. However, Certain D&O Defendants do object to

Plaintiffs' attempt to, in effect, move for leave to amend without complying with the procedural requirements imposed by this Court's Local Rules.

## FACTUAL BACKGROUND

On May 27, 2008, Plaintiffs filed a consolidated class action complaint in this action, alleging violations of: Section 10(b) of the Securities Exchange Act ("Exchange Act") and Rule 10b-5 (Count 1); Section 20(a) of the Exchange Act (Count 2); Section 11 of the Securities Act (Count 3); Section 12(a)(2) of the Securities Act (Count 4); and Section 15 of the Securities Act (Count 5). Certain D&O Defendants were named in some but not all of the counts: Thornburg was named as a Defendant in Counts One, Two and Five. All the Certain D&O Defendants were named as Defendants in Counts Three and Four. On January 27, 2010, the Court issued an extensive decision which dismissed all claims against the Certain D&O Defendants.

On February 4, 2010, Plaintiffs sought Certain D&O Defendants' consent to their filing an amended complaint without serving a redlined complaint as required by Local Rule 15.1. At no time did Plaintiffs counsel even mention an intent to seek clarification of whether the Court's prior Order had been with or without prejudice. Because Plaintiffs failed to provide Certain D&O Defendants with a copy of the proposed amended complaint redlined to show the proposed changes, as required by the Local Rules of this Court, Certain D&O Defendants did not consent.

## ARGUMENT

As stated above, even though we believe the Court's extensive opinions were intended to be conclusive, Certain D&O Defendants do not oppose Plaintiffs' motion to the extent that it merely seeks clarification of whether the Court's prior orders granting a

motion to dismiss with prejudice were nonetheless without prejudice. However, Plaintiffs' motion goes beyond this narrow purpose, and becomes, in effect, a motion for leave to amend. In its capacity as a motion for leave to amend, Plaintiffs' motion is procedurally deficient, and should be dismissed on that basis.[1]

Rule 15.1 of the Local Rules for the United States District Court for the District of New Mexico requires that "[a] proposed amendment to a pleading must accompany a motion to amend." D.N.M. L.R.-Civ. 15.1; *see also Stein v. Disciplinary Board of the Supreme Court of New Mexico*, 2006 WL 4079022, at *2 (May 31, 2006) (Browning, J.). As this Court noted in *Stein*, the failure of a party to comply with this procedural rule makes it impossible to evaluate whether the proposed amendment would be futile. *Id.* (denying a motion to amend in part "[b]ecause the Plaintiffs have not complied with the local rules the Court has no way of effectively determining, with accuracy, whether the [Defendants'] futility argument has merit."). Futility of amendment is, of course, a basis for denying a motion to amend. *See McDow v. Gonzales*, 2008 WL 4820786, at *9 (June 23, 2008) (Browning, J.) (in denying leave to amend, noting that "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, *or futility of amendment.*") (quoting *Frank v. U.S. West Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (emphasis added). Because failure to comply with Local Rule 15.1 prevents the Court from evaluating the merits of a futility argument, it constitutes an independent basis for denying a motion to amend. *See Anderson v. Merrill*

[1] Notably, Plaintiffs' motion does not make any new factual allegations. The proposed amendments merely list additional legal authority allegedly buttressing Plaintiffs' preexisting allegations. Given the procedural deficiency of their motion, Certain D&O Defendants do not believe it necessary to waste the Court's time with discussion of Plaintiffs' effort to import new legal theories into its Complaint.

*Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288-89 (10th Cir. 2008) (district court's denial of motion to amend was not an abuse of discretion where plaintiffs had failed to comply with Local Rule 15.1); *Stein*, 2006 WL 4079022, at *2 (denying leave to amend in part based on plaintiffs' failure to comply with Local Rule 15.1).

Here, Plaintiffs have failed to attach a copy of their proposed amended complaint to their motion and ,of course, have also failed to explain how that non-existent amended pleading would survive under Rule 15. To the extent, therefore, that their motion is, in effect, a motion for leave to amend, it fails to comply with Local Rule 15.1 and should be denied on that basis. That Plaintiffs have styled their motion as one seeking clarification rather than a motion to amend is of no moment.

## CONCLUSION

Based on the foregoing, Lead Plaintiffs' motion should be denied to the extent that it seeks leave to amend rather than clarification of whether the Court's prior opinions were with or without prejudice.

Dated: February 18, 2010

Respectfully submitted,

David F. Cunningham
THOMPSON, HICKEY, CUNNINGHAM,
CLOW & APRIL, P.A.
460 St. Michael's Drive, Suite 1103
Santa Fe, New Mexico 87505
(505) 988-2900 (tel.)
(505) 988-2901 (fax)
dfc@catchlaw.com

Frank T. Herdman
RUBIN KATZ LAW FIRM, P.C.
123 E. Marcy St., Suite 200
Santa Fe, New Mexico 87501
Tel: 505-982-3610
fherdman@rubinkatzlaw.com

Donald L. Flexner
Philip C. Korologos
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue, 7th Floor
New York, New York 10022
(212) 446-2300 (tel.)
(212) 446-2350 (fax)

*Counsel for Defendants Anne-Drue M. Anderson, David A. Ater, Elliot R. Cutler, Ike Kalangis, Francis I. Mullin, III and Garrett Thornburg*

I hereby certify that on this 18th day of February, 2010, I filed the foregoing document electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

David F. Cunningham, dfc@catchlaw.com; tbolton@catchlaw.com
Gregg Vance Fallick gvf@fallicklaw.com
Frank T. Herdman fherdman@rubinkatzlaw.com; kbartlett@rubinkatzlaw.com
Charlotte Itohcitoh@ckelleylaw.com; citoh_nmlaw@yahoo.com
Mary R. Jenke mjenke@wabsa.com; tvox@wabsa.com
Cody Kelley ckelly@ckelleylaw.com
Clinton W. Marrs cmarrs@smidtlaw.com; Melissa@smidtlaw.com
Shane C. Youtz, shane@youtzvaldez.com; Allison@youtzvaldez.com; sberman@sbtklaw.com; shandler@sbtklaw.com
Turner W. Branch, tbranch@branchlawfirm.com; arigg@branchlawfirm.com; czedalis@branchlawfirm.com; elopez@branchlawfirm.com; psanchez@branchlawfirm.com
Frederic S. Fox, ffox@kaplanfox.com
Aaron L. Brody, abrody@assbny.com
Nancy Kaboollian, nkaboolian@abeygardy.com
Curtis Victor Trinko, ctrinko@trinko.com
Evan J. Smith, esmith@brodsky-smith.com
Aviah Cohen Pierson, acohenpierson@kaplafox.com
Francis M. Gregorek, gregorek@whafh.com
Betsy C. Manifold, manifold@whafh.com

Rachele R. Rickert, rickert@whafh.com
Tammy D. Cummings, tcummings@sbtklaw.com
Sean M. Handler, shandler@sbtlaw.com
Stuart L. Berman, sberman@sbtklaw.com
Michelle M. Newcomer, mnewcomer@btkmc.com
Andrew L. Zivitz, azivitz@btkmc.com
Benjamin J. Sweet, bsweet@btkmc.com
Richard A. Russo, rrusso@btkmc.com, acashwell@btkmc.com
Robert Badal, Robert.badal@wilmerhale.com
Jonathan C. Dkckey, jdickey@gibsondunn.com
David C. Bohan, david.bohan@kattenlaw.com
David J. Stagman, david.stagman@kattenlaw.com
Lindsay R. Pennington, lpennington@gibsondunn.com
DeanJ. Kitchens, DKitchens@GibsonDunn.com
Patrick H. Moran, moran@whafh.com
William H. Foreman, wforman@obsklaw.com
William Pittard, wpittard@wc.com
Donald L. Flexner, dflexner@bsfllp.com
Philip C. Korologos, pkorologos@bsfllop.com
Amy L. Neuhardt, aneuhardt@bsfllp.com
Joel Sher, jis@shapirosher.com
Joseph Goldberg, jg@fbdlaw.com; crm@fbdlaw.com
David A. Freedman, daf@fbdlaw.com; ks@fbdlaw.com; rpm@fbdlaw.com
David H. Urias, dhu@fbdlaw.com

**Notice has been delivered by fax to:**
Fred Taylor Isquith (212) 545-4653
Gregory M. Nespole (212) 545-4653
Martin E. Restituyo (212) 545-4653
Richard A. Lockridge (612) 339-0981
Karen H. Riebel (612) 339-0981
David R. Scott (860) 537-4432
Arthur Shingler, III (619) 233-0508

Notice has been delivered by Mail to:
Samuel P. Sporn
Joel P. Laitman
Jay P. Saltzman
Daniel B. Rehns
Schoengold Sporn Laitman & Lometti, P.C.
19 Fulton St., Suite 406
New York, NY 10038

D. Seamus Kaskela
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road

Radnor, PA 19087

Nathan D. Prosser
Lockrdige Grindal Nauen PLLP
100 Washington Ave., South
Minneapolis, MN 55401